# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, Jr., <br><br> Plaintiff, <br><br> v. <br><br> KVSP ADA #1824 PANEL(S), <br><br> Defendant. | Case No. 1:20-cv-00146-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br><br> (ECF No. 2) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Billy Driver, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 29, 2020. (ECF No. 1.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's certified trust account statement was filed on January 31, 2020. (ECF No. 6.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

1

physical injury."[1]  Plaintiff has been informed in prior cases that he is subject to 28 U.S.C. § 1915(g).[2]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[3]  Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  Plaintiff alleges that he is suffering from unlawful obstruction of meaningful access to court and exhaustion denials.  Specifically, Plaintiff claims that he is being denied the opportunity to exhaust his administrative remedies with respect to a prior request for reasonable accommodations under the ADA.  (ECF No. 1.)  Plaintiff alleges that he will be injured because he will miss an important filing deadline on his administrative appeal.  However, Plaintiff does not allege that he is or will be under imminent danger of serious physical injury as a result of these alleged violations.  Therefore, Plaintiff has not alleged any imminent danger of serious physical injury at the time of filing and has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g).  Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Driver v. Martel, Case No. 2:08-cv-01910-GEB-EFB (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim), aff'd, Case No. 09-17309 (9th Cir. Oct. 6, 2010); (2) Driver v. Epp, Case No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed September 5, 2012, for failure to state a claim); (3) Driver v. Kelso, Case No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed September 12, 2012 for failure to state a claim), aff'd, Case No. 12-17228 (9th Cir. May 20, 2013); and (4) Driver v. Zamora, Case No. 2:14-cv-02170-BRO-AGR (C.D. Cal.) (dismissed August 21, 2014, for failure state a claim), aff'd, Case No. 14-56519 (9th Cir. Nov. 17, 2015).
The Court also takes judicial notice of the following United States Court of Appeals cases: (1) Driver v. Mora, Case No. 15-55224 (9th Cir.) (dismissed May 15, 2015, for failure to pay the filing fee, following a denial of *in forma pauperis* status for filing a frivolous appeal); and (2) Driver v. United States, Case No. 19-1942 (Fed. Cir.) (dismissed November 7, 2019, as frivolous).
See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted).

[2] See, e.g., Driver v. U.S. Special Master, Case No. 1:17-cv-00202-DAD-BAM (E.D. Cal.) (dismissed January 1, 2018, for failure to pay the filing fee, following a finding that plaintiff accrued three prior strikes under 28 U.S.C. § 1915(g), and did not qualify for the "imminent danger" exception).

[3] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 3, 2020** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE