UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, Jr., <br><br> Plaintiff, <br><br> v. <br><br> KVSP ADA #1824 PANEL(S), *et al.*, <br><br> Defendants. | Case No. 1:20-cv-00146-NONE-BAM (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION <br><br> (Doc. Nos. 2, 7) <br><br> TWENTY-ONE (21) DAY DEADLINE |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 3, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 7.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On February 14, 2020, plaintiff timely filed objections. (Doc. No. 8.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and

1

by proper analysis. The findings and recommendations identify at least three cases filed by plaintiff that were dismissed for failure to state a claim prior to his initiation of the present lawsuit. *See Driver v. Martel*, No. 2:08-cv-01910-GEB-EFB (E.D. Cal.) (dismissed September 16, 2009, for failure to state a claim); *Driver v. Kelso*, No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed September 12, 2012 for failure to state a claim); *Driver v. Zamora*, No. 2:14-cv-02170-BRO-AGR (C.D. Cal.) (dismissed August 21, 2014, for failure state a claim). The findings and recommendations also correctly conclude that nothing in the present record triggers the imminent danger exception to § 1915(g), since plaintiff has failed to allege any facts suggesting that he was facing any imminent danger of physical injury at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). Plaintiff's objections state in conclusory fashion, without providing any factual detail or support whatsoever, that plaintiff is "in present time … in imminent danger(s) of more physical harm(s) and injuries . . . ." (Doc. No. 8 at 3.) But, "vague and utterly conclusory assertions" of imminent danger are insufficient to establish one's entitlement to relief under § 1915(g)'s exception. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Accordingly,

1. The findings and recommendations issued on February 3, 2020, (Doc. No. 7), are ADOPTED IN FULL;
2. In accordance with 28 U.S.C. § 1915(g), plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), is DENIED;
3. Within **twenty-one (21) days** following the date of service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed; and
4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 18, 2020**

UNITED STATES DISTRICT JUDGE