# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, Jr., <br><br> Plaintiff, <br><br> v. <br><br> KVSP ADA #1824, PANEL(S), *et al.*, <br><br> Defendants. | Case No. 1:20-cv-00146-NONE-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE AND MOTION TO APPOINT COUNSEL <br><br> (ECF No. 10) |

Plaintiff Billy Driver, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion requesting that the Court set this case for a settlement conference and appoint counsel to conduct the settlement conference on his behalf, filed February 18, 2020. (ECF No. 10.)

Plaintiff's request to set this matter for a settlement conference is premature. Plaintiff has not yet paid the $400.00 filing fee in full to proceed with this action, and his motion to proceed *in forma pauperis* was denied. (ECF No. 9.) In addition, after the filing fee is paid in full, Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

1 | relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). As Plaintiff has not yet paid the filing fee, the Court has not yet screened Plaintiff's complaint to determine whether it may proceed on any cognizable claims, and no defendant has yet been served, this action is not ready to set for a settlement conference.

As to Plaintiff's request for appointment of counsel, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The Court has considered Plaintiff's request, though he does not provide any basis for such request, and does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits. As discussed above, the filing fee has not yet been paid, and the Court has not yet screened the complaint to determine if Plaintiff has stated any cognizable claims upon which this action may proceed.

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for settlement conference, (ECF No. 10), is DENIED as premature;
2. Plaintiff's motion for counsel, (ECF No. 10), is DENIED, without prejudice; and
3. The $400.00 filing fee must be paid in full within **twenty-one (21) days** following the date of service of the Court's February 18, 2020 order adopting findings and recommendations denying Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 9).

IT IS SO ORDERED.

Dated: __**February 20, 2020**__   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE